UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY HUESTON,

                              Movant,

               -v-

UNITED STATES OF AMERICA,

                              Respondent.

16 Civ. 7273 (PAE)

14 Cr. 332-3 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

      The Court has reviewed the *pro se* petition of Harry Hueston for relief pursuant to 28 U.S.C. § 2255 (Dkt. 1 in 16 Civ. 7273), and the parties' subsequent legal submissions. These include the Government's initial memorandum of law in opposition (Dkt. 10 in 16 Civ. 7273), Hueston's supplemental letters dated March 5, 2019 (Dkt. 13 in 16 Civ. 7273) and July 16, 2019 (Dkt. 18 in 16 Civ. 7273), the Government's opposition to Hueston's motion for leave to supplement his petition (Dkt. 17 in 16 Civ. 7273), and the Government's letter-memorandum of November 14, 2019 (Dkt. 20 in 16 Civ. 7273) in response to the Court's October 31, 2019 order (Dkt. 19 in 16 Civ. 7273) soliciting the Government's position on the effect, if any, of *United States v. Davis*, 139 S. Ct. 2319 (2019), on Hueston's petition.

      Substantially for the reasons set forth in the Government's memoranda, as amplified upon below, the Court denies Hueston's petition.

      1. Hueston does not challenge the adequacy of his guilty plea, to one count of a Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951. The conviction arose from a home invasion in which Hueston and two others forced their way into an apartment, one of the three put a gun to the head of an individual holding a one-year-old baby and threatened to blow the

baby's head off, and Hueston also beat a separate victim. Instead, Hueston challenges his sentence, which was principally to a 180-month term of imprisonment. He argues that that sentence, which was within the sentencing range calculated based on the conceded applicability to his case of the career offender guideline, is invalid, in light of subsequent case law, specifically, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Davis*, *supra*. For multiple reasons, Hueston is wrong.

2. First, as the Government properly notes, Hueston waived the right to bring this form of post-conviction claim. In his plea agreement, Hueston agreed that he would "not file a direct appeal, nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2251 and/or 2241" so long as the sentence imposed was within or below the stipulated guideline range. (Indeed, in the same agreement, Hueston agreed not to seek a sentence outside that range. At sentencing, the parties explained that that provision reflected the Government's decision not to insist, as a condition of a plea, that Hueston plead to a firearms count that would have mandated a consecutive sentence to the sentence imposed for his violation of § 1951.) Hueston has not claimed that his plea was involuntary or defective under Rule 11. Hueston's waiver thus squarely bars his petition.

3. Second, even if Hueston's claim was not barred, it is legally baseless. *Johnson* does not have any bearing on the issue here. *Johnson* held void for vagueness the residual clause definition of the term "crime of violence" as used within 18 U.S.C. § 924(e)(2)(B)(i), a firearms statute. Hueston, however, did not plead guilty to violating the firearms statute addressed in *Johnson*, or indeed a firearms statute at all. And *Johnson* does not supply a basis for Hueston to challenge whether his instant offense, or his prior state offenses, constitute a "crime[] of violence" as defined in the advisory sentencing guidelines, so as to support application here of

2

the career-offender guideline. The Supreme Court has declined to extend *Johnson* to identically worded language in the advisory Guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017). That is because, the Court explained, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause" because "the advisory guidelines do not fix the permissible range of sentences . . . [but] merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 892; *see also Rodriguez v. United States*, Nos. 13 Cr. 383, 16 Civ. 5230 (PAE), 2017 WL3769302, at *1–2 (S.D.N.Y. 2017) (citing *Beckles* in rejecting petitioner's challenge to advisory sentencing guidelines). *Johnson* therefore does not afford any basis for sentencing relief for Hueston.

4. *Davis* is similarly is inapposite. Applying the reasoning in *Johnson*, the Supreme Court there found the residual clause in 18 U.S.C. § 924(c)(3)(B), a firearms statute, to be unconstitutionally vague. Nothing in *Davis*, however, calls into question the Court's holding in *Beckles* that the career offender guideline is not amenable to a vagueness challenge.

5. Finally, even if the issue presented were the statutory question of whether a conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under the categorical "elements" test whose vitality is unaffected by *Johnson* and *Davis*, the weight of authority, including in this Circuit, holds that it does. *See, e.g.*, *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018). Similarly, even if the residual clause used to define a crime of violence under the Sentencing Guidelines had been invalidated, the two New York State convictions of Hueston's that were used in the determination at sentencing of whether he was a career offender would independently qualify categorically as crimes of violence under the separate elements-based "force" clause of U.S.S.G. § 4 B1.2(a). These offenses, for attempted robbery – one in the first degree, the other in the second degree – each are categorically crimes of violence under the force

cause. *See Unites States v. Jones*, 878 F.3d 10, 14 (2d Cir. 2017) ("it would seem that . . . robbery of *any* degree in New York qualifies as a crime of violence") (emphasis in original); *see also* cases cited at Dkt. 17 in 16 Civ. 7273, at 4-5.

6. In the course of reviewing Hueston's petition, the Court has considered Hueston's other claims, including a claim of ineffective assistance of counsel that is derivative of the claims reviewed above. The Court has also, more generally, reviewed the record of Hueston's plea and sentencing, mindful of, *inter alia,* the length of Hueston's sentence. The Court has not found any infirmity in any proceedings in Hueston's case or any deficiency, let alone a prejudicial one, in Hueston's counsel's representation.

The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 13 in 16 Civ. 7273 and Dkts. 100, 107, and 117 in 14 Cr. 332 and to close this case.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: November 19, 2019
   New York, New York