

590 Madison Avenue, 20th Floor, New York, NY  10022-2524 ▪ p212 223-4000 ▪ f212 223-4134

Glen G. McGorty
(212) 895-4246
GMcGorty@crowell.com

May 22, 2020

**BY ECF**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                Re:      **United States v. Harry Hueston**
                           14 Cr. 332 (PAE)

Dear Judge Engelmayer:

      On May 20, 2020, the undersigned, who served as trial counsel in the above-referenced matter, received the Court's order for a Memorandum of Law in support of the defendant Harry Hueston's *pro se* Motion for Compassionate Release pursuant to Title 18, United States Code, Section 3572(c)(1)(A)(i).  Specifically, the Court ordered the defense to submit a Memorandum of Law by May 26, 2020, and the Government to submit a response by May 28, 2020, and that the parties confer in advance to assure a full mutual understanding of the issues presented and the arguments to be made.  I write to respectfully request a brief adjournment on one of two tracks, as suggested below.

      Earlier today, I conferred with Assistant United States Attorney Eun Young Choi to discuss the matter and any issues related to the pending motion.  Upon receipt of Mr. Hueston's *pro so* motion, the Government sought from the Bureau of Prisons both Mr. Hueston's medical records as well as details of any administrative relief he sought.  Since our conversation this morning, the Government received a full set of the voluminous medical records and documents related to Mr. Hueston's administrative request for compassionate relief, which it seems he filed on May 14, 2020.  The Government promptly produced all those materials to us and we will review them.

      In light of the volume of the records, and the need to better understand the basis for the motion by communicating with Mr. Hueston directly (we have not spoken in several years), we respectfully request an adjournment of the briefing schedule one week – with the defense memorandum of law due on June 2, 2020, and the Government response due on June 4, 2020.  As Your Honor is well aware, in order to address the merits of such a motion, the Court would be required to waive the statutory administrative exhaustion requirement.  Alternatively, if the

Honorable Paul A. Engelmayer
May 22, 2020
Page 2

Court would be disinclined to waive the administrative exhaustion requirement based on the record (even if fully supported by the newly-received medical records), and absent the Government's consent, then the Court could set a motion's schedule after June 15, 2020 – the BOP's deadline to respond to Mr. Hueston's request. If that alternative is preferable, we would propose filing our motion on June 17, 2020, with the Government response due on June 19, 2020. Obviously, the motion would be mooted if relief is granted by the BOP.

     We will work diligently on the motion on behalf of Mr. Hueston on whichever schedule the Court finds appropriate. If any additional information is request, please contact the undersigned at Your Honor's convenience.

Respectfully submitted,

Glen G. McGorty

cc:    AUSA Eun Young Choi

In light of Mr. Hueston's request to the BOP for relief, defense counsel's memorandum is due June 17, 2020, and the Government's response is due June 19, 2020.

    SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

May 27, 2020