UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HARRY HUESTON,

Defendant.

---

14 Cr. 332 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a *pro se* application by defendant Harry Hueston for a reduction in sentence under 28 U.S.C. § 2241.

On March 12, 2015, Hueston pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. In the plea agreement, the parties stipulated that Hueston qualified as a career offender under U.S.S.G. § 4B1.1(a). The resulting Guidelines range, based on offense level 32 and criminal history category VI, was 151–188 months' imprisonment. On September 30, 2015, the Court sentenced Hueston to, *inter alia*, 180 months' imprisonment followed by three years' supervised release.

Since his sentencing, Hueston, *pro se*, has twice sought, and been denied, relief from his sentence. On September 14, 2016, Hueston filed, Dkt. 100, and on March 5, 2019, moved to supplement, Dkt. 117, a motion under 28 U.S.C. § 2255 to vacate his sentence. On November 19, 2015, the Court denied that motion and declined to issue a certificate of appealability. Dkt. 125. On August 12, 2021, the Second Circuit dismissed the appeal. Dkt. 176. On May 19, 2020, Hueston filed a *pro se* motion for compassionate release. Dkt. 134. On June 25, 2020, the Court denied that motion, finding, *inter alia*, that, in part because Hueston continues to pose a

danger to the community, the 18 U.S.C. § 3553(a) factors did not support a reduction in

sentence. Dkt. 142.

On September 15, 2022, Hueston filed the instant application for relief under § 2241.

Dkt. 180. He notes that, based on intervening case law, were he being sentenced today for the

Hobbs Act robbery conspiracy to which he pled guilty in 2015, he would not be classified as a

career offender. The basis for Hueston's argument appears to be case law holding Hobbs Act

robbery, and by extension conspiracy to commit Hobbs Act robbery, not to be a crime of

violence under the Career Offender Guideline. *See United States v. Chappelle*, 41 F.4th 102 (2d

Cir. 2022). Hueston thus seeks resentencing, with his Sentencing Guidelines range no longer

calculated under the Career Offender Guideline. On October 7, 2022, the Government filed an

opposition to Hueston's motion, on multiple grounds. Dkt. 183.

Substantially for the three reasons stated by the Government, the Court denies Hueston's

application for relief.

First, under the plea agreement, Hueston waived the right to challenge his sentence on

direct appeal or collaterally, including under 28 U.S.C. §§ 2241 and 2255, provided that the

sentence was below the top of the stipulated Guidelines range of 151–188 months'

imprisonment.[1] *See Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) ("A defendant's

knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or

sentence is enforceable."). The Court relied on this provision of the plea agreement in denying

---

[1] In the same agreement, Hueston also agreed not to seek a sentence outside the stipulated range, including by means of a variance. At sentencing, the parties explained that that provision—unusual in the Court's experience—was in exchange for the Government's decision not to insist, as a condition of a plea, that Hueston also plead to a firearm count that would have mandated a consecutive sentence to the sentence imposed for his violation of § 1951. *See* Dkt. 125 at 2 (order denying earlier § 2255 motion, recounting history of this provision).

Hueston's earlier challenge to his sentence under § 2255. The Court there noted: "Hueston has not claimed that his plea was involuntary or defective under Rule 11. Hueston's waiver thus squarely bars his petition." Dkt. 125 at 2. The Second Circuit affirmed that denial. Dkt. 176. Hueston does not offer any argument why this provision does not equally bar his present challenge.

Second, Hueston's application is procedurally barred. He has already unsuccessfully brought a motion under § 2255. To be permitted, a second or successive such motion would require him either to (1) rely on a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, not previously available, 28 U.S.C. § 2244(b)(2)(A); *see also id.* § 2255(h)(2); or (2) assert a claim of newly discovered evidence that could not have been discovered previously through the exercise of due diligence, *id.* § 2244(b)(2)(B)(i), and that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," *id.* § 2255(h)(1). Hueston's application does not allege either. The decision in *Chappelle* construing a Sentencing Guidelines provision is not a new rule of constitutional law or a holding that has been made retroactive on collateral review. Nor can Hueston avoid this bar by casting his application, as he does, as one under § 2241. Such would require a threshold showing that he is innocent of the crime of conviction. *See Dhinsa v. Krueger*, 917 F.3d 70, 80 (2d Cir. 2019). Hueston does not attempt to demonstrate this. And, based on the Rule 16 evidence described in connection with Hueston's prosecution and the evidence chronicled in Hueston's presentence report, any claim to this effect would be unsustainable.

Third, were the Court to have authority to resentence Hueston—which it does not—it would impose the same sentence as earlier. At Hueston's sentencing, the Court assessed the

§ 3553(a) factors, carefully and at length. *See generally* Dkt. 81 at 17–28. It determined, firmly, that a sentence of 180 months' imprisonment was the lowest compatible with those factors, in combination. The Court noted Hueston's long and violent criminal history; and that he had been completely undeterred by his significant previous encounters with the criminal justice system. These had resulted in sentences of 60 months' imprisonment for a firearms offense; three to six years' imprisonment for an attempted robbery and a forcible theft while armed with a deadly weapon; and six years' imprisonment for an attempted robbery. The Court further noted the "horrifying" nature of Hueston's instant offense. It entailed a violent and armed home invasion in which he and his co-defendants put a gun to the heads of a victim and a one-year-old baby. The Court found that numerous § 3553(a) factors—including the interests in just punishment, promoting respect for the law, specific deterrence, and protection of the public—demand a long sentence. Hueston's conduct in the case at hand, the Court stated, alone "richly merits a very long sentence, consistent with the Guideline range." *See id.* Hueston has not supplied any reason to revise that considered assessment. The one changed circumstance to which he points—the classification today of Hobbs Act robbery as not a crime of violence under the Guidelines—would not, at all, alter the Court's assessment of the § 3553(a) factors.

Finally, even if the holding in *Chappelle* might have resulted in Hueston's receiving a lower sentence had it preceded his sentencing, "a defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008) (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)); *cf. United States v. Roque*, 421 F.3d 118, 124 (2d Cir. 2005) ("[A]n otherwise valid plea agreement and waiver of

right to appeal sentence, entered into before [*United States v. Booker*, 543 U.S. 220 (2005)], is enforceable even if the parties, at the time they entered into the agreement, erroneously believed that the United States Sentencing Guidelines were mandatory rather than advisory.").

The Court accordingly denies Hueston's motion for relief.

The Clerk of Court is respectfully directed to terminate the motions pending at dockets 134 and 180.  This case remains closed.

The Court also declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 15, 2022
      New York, New York

5